UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHED T. WOODS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:18-CR-51 RLM-MGG |
| ) | (Arising out of: 3:20-CV-455) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

Shed T. Woods pleaded guilty to unlawful possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). The court found that the armed career criminal guidelines applied to Mr. Woods and sentenced him to 15 years' imprisonment (the statutory minimum sentence for an armed career criminal in possession of a firearm) and 2 years' supervised release. He now asks the court to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. He claims that his trial counsel was ineffective because he didn't argue that Mr. Woods's previous conviction under Indiana Code § 35-48-4-1 doesn't constitute a "serious drug offense" under the Armed Career Criminal Act and he didn't object to the imposition of a 15-year sentence under 18 U.S.C. § 924(e). Mr. Woods also claims that his guilty plea is unconstitutional following the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). For the following reasons, the court denies Mr. Woods' motion.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The court has reviewed Mr. Woods's motion and supporting memorandum and finds that his arguments aren't supported by the facts or the law in this case and can be resolved without a hearing. *See* Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015) (evidentiary hearing not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or petitioner's allegations are "vague, conclusory, or palpably incredible"); Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006); Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001). Appointment of counsel isn't required under Rule 8(c) of the Rules Governing Section 2255 Proceedings or warranted in the interest of justice under 18 U.S.C. § 3006A(a)(2)(B). *See* Rauter v. United States, 871 F.2d 693, 695-696 (7th Cir. 1989).

"[A]n ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Judicial scrutiny of an attorney's performance is "highly deferential," and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Jones v. Page, 76 F.3d 831,

840 (7th Cir. 1996) (*quoting* Strickland v. Washington, 466 U.S. 668, 689 (1984)). To overcome that presumption, Mr. Woods must show that counsel's representation was so deficient that it "fell below an objective standard of reasonableness," and that it prejudiced his defense, making the outcome of the proceedings against him unreliable. Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984); Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006); United States v. Bradford, 78 F.3d 1216, 1225 (7th Cir. 1996). Mr. Woods hasn't done that.

First, Mr. Woods argues that his counsel failed to act in his best interest when he didn't argue that Mr. Woods' previous conviction under Indiana Code § 35-48-4-1 shouldn't constitute a "serious drug offense" under the Armed Career Criminal Act. The court of appeals considered, and rejected, this argument on Mr. Woods's direct appeal, and his trial counsel can't be deemed ineffective for not raising that argument. See Doc. No. 55.

Mr. Woods also argues that his counsel was ineffective because he didn't object to the court's imposition of a 15-year mandatory minimum sentence. Mr. Woods says that because his sentence was imposed pursuant to 18 U.S.C. § 924(e) but he was never charged under § 924(e), his constitutional rights were violated. Section 924(e) doesn't describe an offense on which the court needed to determine Mr. Woods' guilt or innocence. It's a penalty provision that requires the court to impose a 15-year minimum sentence for a defendant who has violated 18 U.S.C. § 922(g) and has three previous convictions for a violent felony, serious drug offense, or both. The court asked Mr. Woods when he pleaded guilty

whether he understood that he could receive a mandatory minimum sentence of 15 years for violating § 922(g) because of his criminal history, and he said yes. Mr. Woods's counsel didn't violate his constitutional rights by failing to object to the application of a penalty provision related to the offense that he pleaded guilty to committing.

Finally, Mr. Woods argues that Rehaif v. United States, 139 S. Ct. 2191 (2019), "invalidates his guilty plea because he was not informed at any time that knowledge of his status as a person prohibited from possessing a firearm was an element of his section 922(g)(1) charge." He says that under Rehaif, the government had to prove beyond a reasonable doubt that he knew about his status as a person prohibited from possessing a firearm, and if he had known the government must prove that element of his offense, he wouldn't have pleaded guilty. Mr. Woods didn't raise this issue on direct appeal, so he can't raise it "on collateral review unless [he] shows cause and prejudice," Massaro v. United States, 538 U.S. 500, 504 (2003), or actual innocence. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017). Mr. Woods hasn't demonstrated either. Rehaif provides no relief in this case.

The Supreme Court held in Rehaif that: "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200. It didn't announce a new rule of constitutional law, but simply resolved a question of statutory interpretation, *see* Khamisi-El v. United States, ___ Fed.Appx. ___,

4

2020 WL 398520, at * 4 (6th Cir. Jan. 23, 2020); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019), and it made no findings about retroactivity.

The question in Rehaif was whether the Government needed to prove that the defendant knew he was unlawfully in the United States (one of the nine categories of individuals prohibited from possessing a firearm or ammunition under 18 U.S.C. 922(g)). The Court "express[ed] no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue [in Rehaif]." Rehaif v. United States,139 S.Ct. at 2200. To the extent Rehaif recognized a new statutory rule that might apply retroactively to cases on collateral review absent an appeal waiver, it doesn't require the Government to prove that Mr. Woods knew felons were prohibited from possessing firearms, only that he knew he had the required status under § 922(g). United States v. Maez, 960 F.3d 949, 955 (7th Cir. 2020).

Mr. Woods acknowledged during his change of plea hearing that he knew he possessed a firearm and that he had previously been convicted of a crime that was punishable by more than one year of imprisonment – one of "the relevant categor[ies] of persons barred from possessing a firearm" under 18 U.S.C. § 922(g) – conclusively establishing the facts necessary to prove a violation of 18 U.S.C. 922(g)(1). Rehaif requires nothing more.

For the foregoing reasons, Mr. Woods' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. No. 59] is DENIED. Jonathan Lawson's motion to withdraw as attorney [Doc. No. 60] is GRANTED.

SO ORDERED.

ENTERED:   July 8, 2020

                                        /s/ Robert L. Miller, Jr.
                                    Judge, United States District Court

cc:   Shed T. Woods